[If you need additional space for ANY section, please attach an additional sheet and ret

21CV4845
JUDGE KNESS
MAG. JUDGE FINNEGAN
RANDOM

*Michael Brown*
+
*LAWN Music Company* )

Plaintiff )
)
)
v. )
*Barbara Hoy* )
*Music Sales Corp,* )
Defendant )

**United States District Court**
**Northern District of Illinois**

# FILED

SEP 13 2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT

*CO. Ownership of All Rights With Michae*

On April 12, 2010, The administrator Michael Brown through his Attorney Steven O` Hamill
filed a Supplemental Inventory to a claim of Fraud against Ora Mae Goggins , (Gogins). and
The Estate of Floyd Jones by the Administrator, Executor Barbara Hoy, Arc Music , Frederick
Music Company, This Agreement came from the United State Copyright Office vol 2973 p
017-021 dated January 8,1993. See Exhibit F. Supplemental Inventory and Agreement.
Agreement made of this 8th,day. of January,1993 between Ora Mae Gogins (Owner)), daughter of
Floyd Jones Writer}.

Paragraph 1. Interest in and her undivided one-half  (1/2) interest in and to the copyright in the

Musical Composition entitled On The Road Again, written by Floyd Jones and Alan Wilson ("the
composition")

See paragraph 2. Owner hereby represents and warrants that, the composition is written by writer
and Alan Wilson and that no part thereof infringes the copyright in any other work or violates the
common law statutory rights of any person or entity; that owner is the only child of writer and the
sole owner of owner`s interests in the composition and of all the rights therein, and prior to the
executing this agreement, owner has not assigned any of her rights ,title ,or interest in either of
the composition, the copyright therein ,or any of they rights herein conveyed, that (Owner and)
EMI Unart, the co-publisher of the composition, and that Owner has full right , power and
authority to enter into this agreement and make all the grants, promises and covenants contained
herein.

See Paragraph 3. In the event that the United States Renewal term of Copyright in the
Composition shall vest in Publisher by reason of the grant of rights by the publisher as set forth in
paragraph 1 above, publisher shall pay to owner. , the following royalties.

See paragraph 4. (a).  Upon execution of this agreement publisher shall pay to Owner a
nonrefundable bonus of $500,

_____
_____

(Court Level and Jurisdiction)

_____

(Case ID Number)

Plaintiff

-vs-

_____

Defendant

## AFFIDAVIT

I, Michael Brown, of Monee, in Illinois, Illinois, MAKE OATH AND SAY THAT:

1.  Now comes Michael Brown , the Administrator of The Estate of Joe Brown On may 22, 2009, independent Administrator (herein" Administrator"), Michael Brown, was issued Letters of Office on behalf of the Estate of Joe Brown. That an inventory was filed on March 31,2010, April 12,2010, April 14, 2010, by the Administrator, listing numerous musical Compositions, Publishing Rights, and copyrights to certain compositions, as assets of the Estate. notices was sent out by Attorney O Hamill 1. Copy of the Inventory filed by the Circuit Court of Cook County, wherein the Estate has listed as one of it`s assets , Lawn Music Company; 2. Copy of the Oath and Bond of Representative; 3. Letters of Office-Decedent`s Estate; and 3. Supplemental Inventory filed with the Circuit Court of Cook County.

2.  In 1947 Joe Brown, started a record company, later he formed five more record labels and Publishing company, the record labels are J O B records, Opera, Oriole, Abco, Fury and Ruler Records, and Lawn Music Co. as Publisher and Owner, In 1964 Pursuant to the terms of an exclusive license agreement between Frederick Music Company and Lawn Music Company dated March 6, 1964, Frederick controls and administers Lawn`s entire catalog of musical

Page 1 of 38

compositions.

See ( Exhibit 1 ) The 1964 License agreement between LAWN MUSIC COMPANY and FREDERICK MUSIC COMPANY

This agreement entered into at Chicago, Illinois, by and between LAWN MUSIC COMPANY, 4008 ELLIS AVENUE (hereinafter referred to as "OWNER") and FREDERICK MUSIC COMPANY, 1323 S. Michigan Avenue., Chicago Illinois, (hereinafter referred to as Publisher).

### WITNESSETH

Whereas the Owner from time to time, acquires copyrights to original compositions from writers and composers

Whereas the Owner is desirous of allowing the Publisher to exploit these musical compositions throughout the entire world upon certain terms and conditions herein set forth, Paragraph

1. The Owner hereby grants to the Publisher an exclusive license to use the musical compositions in their catalog, together with all rights of whatsoever kind nature or description existing under the Owner`s copyright or to come into being under such copyright for the entire world, It is understood that the exclusive license herein granted by the owner to the Publisher shall include the sole and exclusive publication , television, and performing and motion picture rights. see paragraph 3.

The Publisher agrees to pay the OWNER as follows

FIFTY (50) percent of all monies received from BROADCAST MUSIC INC.

FIFTY (50) percent of any and all royalties which may be received from any and all sources ( BOTH FOREIGN AND DOMESTIC). after the payments to the writers as STATED IN THEIR SONG WRITERS AGREEMENTS'

FIFTY (50) percent of any monies received from the sale of the sheet music, orchestrations and/or other Publications, after the deduction of cost of printing and writer royalties. (It is understood that the sale of sheet music ,orchestrations is handled by and through a sales agent.

Payments as above set forth to be made to the owner not less than 45 days after the end of each quarter on, to wit February 15, May 15, August 15, and November 15, of each year.

This agreement to remain in effect during the life of all copyrights.

In witness whereof the parties hereto have caused these presents to be signed and sealed the day and year first above shown see exhibit 2. the note of memorandum and legal conveyance.

CLAIM OF OWNERSHIP 17,U.S.C. S 204 READS AS FOLLOWS

TRANSFERS OF OWNERSHIP. "(A") A TRANSFER OF OWNERSHIP OTHER THAN OPERATION OF LAW, IS NOT VALID UNLESS AN INSTRUMENT OF CONVEYANCE, OR NOTE OF MEMORANDUM OF THE TRANSFER, IS IN WRITING AND SIGNED BY

THE OWNER OF THE RIGHTS CONVEYED OR SUCH OWNER`S DULY AUTHORIZED AGENT.

3.    On October 6, 1969 , Lawn Music Co. and Frederick Music Company, Floyd Jones, Joe Brown, filed a complaint in S. D. of N.Y.  69 civ 4375 . Plaintiffs, vs. Liberty Records, INC. (now known as Liberty/UA, INC.) and Metric Music Company , INC.

FOR A FIRST CAUSE OF ACTION PLAINTIFFS LAWN MUSIC COMPANY AND FREDERICK MUSIC COMPANY , allege:

1. This action arises under the Copyright Law of the United States of America, Title 17, United States Code, the amendments thereto and all other laws governing copyright.

2.Plaintiff Lawn Music Company (Lawn) at all times mentioned in this complaint was and still is a corporation organized and existing under the laws of the State of Illinois, and is engaged in the business of publishing , vending and otherwise marketing copyrighted musical works.

3. Plaintiff Frederick Music Company  (Frederick) at all times mentioned in this complaint was and still is a corporation
 organized and existing under the laws of the State of Illinois and is engaged in the business of publishing, vending and otherwise marketing copyrighted musical works.
See Paragraph 12:  On or about the 19th day of June, 1968 Frederick, pursuant to the terms of it`s agreement with Lawn, issued to Liberty , at Liberty`s request, a Mechanical License authorizing Liberty to use the Composition on parts of instruments serving to reproduce the Composition Mechanical
("the Mechanical License.

 After March 27, 1967 Metric Music Company infringed Lawn`s copyright in the Composition by printing, vending and publicly performing for profit and Licensing and otherwise contributing to, participating in and being concerned in the printing, publishing, vending and public performance for profit of a musical composition substantially copied from the Composition.
During the year ,1952. Floyd Jones created and wrote an original musical composition and lyric`s thereto entitled ON THE ROAD AGAIN. ("the Composition"). (See Exhibit C. On the Road Again (p) 1953 J.O.B. 1013.)
J.O.B. Records is owned by plaintiff Joe Brown  J.O.B. is a wholly owned subsidiary of Lawn Music Company. organized and is doing business under the laws of  the State of Illinois is licensed and doing business in the State of Illinois and was engaged in Producing, manufacturing it`s Musical Compositions and Sound Recordings. Which all the master recordings were produced by J.O.B. Records and owned by Lawn Music Company.
 see paragraph 9.Thereafter during the year 1952 or 1953, Floyd Jones duly assigned all his right, title and interest in and to the Composition to Lawn. paragraph 10.Commencing on the date of

creation of the composition and at all times thereafter, Title 17, U.S.C., the amendments thereto, and all other laws governing copyright were duly complied with and Lawn Secured the exclusive rights and privileges in and to the copyright in the composition and received from the Register of Copyrights a certificate of registration dated and identified as follows: "September 16, 1968; Class E, Ep 249982." A copy of the Composition is attached as( Exhibit A. with this case).

See Paragraph 11: At the time of the acts of infringement complained of herein, Lawn was and still is the proprietor of the copyright in the Composition.

See Paragraph 13: Upon information and belief Liberty manufactured and sold phonograph records which Mechanically reproduced a substantial portion of the Composition on or before the 19th day of June, 1968 and on numerous occasions thereafter , but failed to and refused to pay royalties and to account to Frederick despite demands made upon Liberty on numerous occasions.


See Paragraph 21: Upon information and belief Metric infringed Lawn`s Copyright in the Composition on or before the 27th day of June, 1969 by issuing a License to Liberty which purportedly authorized Liberty to use a substantial portion of the Composition upon parts of instruments serving to reproduce the Composition Mechanically.

paragraph paragraph 23.

During the year 1951, Floyd Jones and Joe Brown ("the composers"). citizens of the United States of America and residents of the State of Illinois, Created and wrote an original musical composition and lyric`s thereto entitled "DARK ROAD BLUES" (" the second composition").

see paragraph 24. Commencing on the date of creation of the second composition and at all times thereafter, Title 17 U.S.C., the amendments thereto, and all other laws governing copyright were duly complied with and the composers secured the exclusive rights and privileges in and to the copyright of the composition and received from the register of copyrights a certificate of registration dated and identified as follows: " March 14, 1952, Class E, EU269885 a copy of the second composition is attached as exhibit B-1, The Deposit Copy. See exhibit B-2, The unpublished copyright: Copyright Claimants: Floyd Jones and Joe Brown. Authors: Floyd Jones author of words, Joe Brown author of music. Application received: June 28, 1951. Fee received: $4.00

June 28, 1951. One copy received: March 14 1952. Line 7. For New version of previous work': *Copyright office Note: Application made in this office from facts on copy and in previous application filed****.

### RENEWAL

Floyd Jones was living at the time of the renewal November 24 1980. Joe Brown died February 7, 1976.

See Miller Music Corp. V. Charles N. Daniels, Inc., 80 S. Ct. 792 However the author may assign this expectancy and the assignment is valid against The World if the Author is alive at the

commencement of the renewal period. Fred Miller Music Corp. V. Witmark Sons, 1943,318 U.S. 643, 63 S. Ct. 773, 87, L. Ed. 1055 In this case the renewal began in 1977, and since Floyd Jones the co-author was alive on that date, the case falls within the rule of Fred Fisher Music Company. V. M. Witmark Sons supra.

See exhibit E). RENEWAL COPYRIGHT. RE 71-894 . Renewal Claimants: Floyd Jones. Title of work: Dark Road Blues. Authors of Renewable matter: Words Floyd Jones, Music Joe Brown. Mail certificate to: American Guild of Authors & Composers.

At the time of the acts of the infringement complained herein the composers were and still are the proprietors of the copyright in the second composition. ( paragraph 28). Upon information and belief ,Metric infringed the Composers copyright in the second composition after March 27, 1967 by printing, publishing, vending, and publicly performing for profit and licensing and otherwise contributing to, participating in and being concerned in the printing, publishing, vending and public performance for profit of a musical composition substantially copied from the second composition.

There are two complaints in this case :

See Page 8 Paragraph 111: That Defendants and each of them be required to pay Lawn The Applicable Royalties and Damages, as provided in Section 1, subsection (e) and section 101 (e) of Title 17 of the United States Code.

See Page 8, Paragraph 1V. That Defendant`s and each of them be required to Pay The Composer`s the applicable Royalties and Damages, as provided in section 1, subsection (e) and section 101 (e) of Title 17 of the United States Code.

See Page 8 , Paragraph V. That the Defendant`s be required to deliver up to be impounded all copies of and part`s of instruments serving to reproduce mechanically copies of any Musical composition which contains the Composition or any portion thereof.

See Page *, V1. That the Defendants be required to deliver up to be impounded all copies of and parts of instruments serving to reproduce mechanically of any musical composition which contains the second composition or any portion thereof.

See Page 8, paragraph V11. That Liberty be required to account for all gains, profits derived by it during the term of the Mechanical License with Lawn prior to the termination thereof and pay to Lawn such Royalties as are required by the terms of such Mechanical License.

( See  exhibit #2b.) 69 Civil 4375 Lawn Music Co. et al VS. Liberty
 Records Inc. etc. 69 Civil 4375.

Date: Oct. 6, 1969, Filed Complaint and issued summons

Date Oct/20/69: Filed summons and return Served. Mr. Benjamin Oct /7/69.

Date Oct. 27/69: Filed Stip. and order that time for defendant to answer complaint is extended to

11/26/69 Weinfeld. J.

Date November 28-1969: Filed Stipulation and order extending defendants time to answer complaint to 12/10/1969

Date Sept. 1, 72: Filed Stipulation & order that the action is discontinued with prejudice, without cost to either party. BRIEANT, J.

Stipulation and Order that this action is discontinued with prejudice ,without cost to either party September 1, 1972 . See exhibit #3.). Settlement Agreed Order and Confirmation of Assignment" in 1970 Stipulated Court Order.

## LEGAL STANDARD
### STIPULATION AGREEMENT

I. A plaintiff may voluntarily dismiss an action without a court order by filing : (i) a notice of dismissal before the opposing party serves either a answer or a  motion for summary judgment ; or (ii) a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41 (a)(1)(B). A voluntary dismissal with prejudice serves as an adjudication on the merits and thus is final Schmier v. McDonald`s LLC, 569 F.4d 1240, 1242 (10th Cir. 2009) see *3 Randall v. Merrill Lynch, 820 F2d 1317, 1320 (D.C. Cir.1987) (a second voluntary dismissal, which is a dismissal with prejudice, operates as an adjudication on the merits and is a final judgment); 8James Wm. Moore et al, Moore`s Federal Practice| 41.34(c) (3d ed. 2013)  A voluntary dismissal is self executing no further order from the court is needed. Edwards-Brown v. Crete Monee 201-U Sch. Dist,, 491 Fed.Appx 744, 745 (7th Cir. 2012); Meineke v. H & R Block of Hous,, 66 F.3d 77, 82 (5th Cir. 1995); De Leon v. Marcos, 659 F.3d 1276, 1283 (10th Cir. 2011); Moore et al, supra, | 41.34 (6)(a). Once a plaintiff files the voluntary dismissal, the case is closed and the plaintiff may not unilaterally withdraw or amend the dismissal.

Under the 1909 Act, it is settled that only the Musical Composition, and not the recording thereof, is subject to copyright protection. Further once the composer authorized the mechanical recording of his composition, the so called " compulsory license" provision of section 1 (e) allowed anyone else to make similar use of the copyrighted composition upon giving appropriate notice and paying a royalty of two cents to the composer for each copy of the new recording produced. Although Congress amended the copyright laws in 1971 to provide protection for the recording itself.

### PRE-1972 Musical

Section 115 separately requires that, for sound recordings fixed before Feb 15, 1972 " compulsory license must demonstrate that the making of phonorecords was authorized " by any person who fixed the sound recording pursuant from a express license from the owner of the copyright in a musical work pursuant to a valid compulsory license for use of such work in a sound recording " 17 U.S.C. Section 115 (a) (1) (11): See also Blagman V. Apple, Inc, No. 12 Civ. 5453 (ALC) (JCF), 2014 WL 1285496, at*7 (S.D.N.Y. Mar. 31,2014) (Federal Copyright

Law further provides that a compulsory licensing in the underlying Musical Composition may not issue unless , for sound recordings fixed prior to 1972, the duplicator obtains authorization from the person who fixed the sound recording, who must themselves have had authorization from the copyright owner of the ....underlying composition.") (citation and quotation marks omitted); 2 nimmer s 804[e] [2] ( The Compulsory License must be authorized to make the duplication by the person who fixed the sound recording.

### EXCLUSIVE RIGHTS

The Federal Copyright Act affords valid Copyright Owners exclusive rights to, among other things, "reproduce copyrighted work" 17 U.S.C.ss 106 (1), (2). To establish infringement of these exclusive rights, Plaintiff must prove two elements: "(1) Ownership of a valid copyright, and (2) Copying of constituent elements of the work that are original." Feist Publ`ns Inc. V. Rural Tel. Serv. Co., Inc., 499 U.S. 340, 346, 111 S. Ct. 1282, 113 L.Ed.2d 358 (1991). Not all copying .... is copyright infringement, but illicit copying may be established by showing defendant had excess to plaintiffs work and that the two works are substantially similar in idea and expression; Smith V. Jackson, 84 f. 3d 1218 (9th Cir. 1996).

Dark Road Blues is the underlying Musical Composition Owned by Lawn Music Company, Created by Joe Brown and Floyd Jones produced by J.O.B. Records in 1951, The Sound Recording Adaption or Derivative is On the Road Again Produced by J.O.B. Records in 1952.

### COPYRIGHT IN A DERIVATIVE WORK. Circ 14

A derivative work is a work based on or derived from one or more already existing works, common derivative works include translations, musical arrangements, motion picture versions or literary material or plays , art reproductions abrigments, and condensations of preexisting work, another common type of derivative work is a new edition " of a preexisting in which the editorial revisions, annotations, elaborations, or other modifications represent , as a whole, an original work.

To be copyrightable, a derivative work must incorporate some or all of a pre existing work and add new original copyrightable authorship to that work . The derivative work right is often referred to as the adaptation right.

The copyright in a derivative work covers only the additions, changes, or new material appearing for the first time in the work. Protection does not extend to any preexisting material, that is previously published or previous  registered works or works in the public domain or owned by a third party. As a result , it is impossible to extend the length of protection for a copyrighted work by creating a derivative work.

4.                              The Exhibits

1.AGREEMENT : Lawn Music Co. and Frederick Music Company 1964 '

24/02 2009 15:33 FAX

EXhibit ①

☒003/024

### March 6, 1964 VOL 2821 PAGE 338

THIS AGREEMENT entered into at Chicago, Illinois, by and between LAWN MUSIC COMPANY, 4008 Ellis Avenue, Chicago, Ill. (hereinafter referred to as "Owner") and FREDERICK MUSIC COMPANY, 1323 S. Michigan Ave., Chicago Illinois, (hereinafter referred to as "Publisher").

## W I T N E S S E T H

WHEREAS the Owner, from time to time, acquires copyrights to original compositions from writers and composers, and

WHEREAS the Owner is desirous of allowing the Publisher to exploit these musical compositions throughout the entire world upon certain terms and conditions hereinafter set forth,

NOW, THEREFORE, in consideration of the sum of One Dollar ($1.00) and other good and valuable consideration by each of the parties to the other in hand paid, receipt whereof is hereby duly acknowledged, it is agreed:

1. The Owner hereby grants to the Publisher an exclusive license to use of the musical compositions in their catalogue, together with all rights of whatsoever kind, nature or description existing under the Owner's copyright or hereafter to come into being under such copyright for the entire world. It is understood that the exclusive license herein granted by the Owner to the Publisher shall include the sole and exclusive publication, the right to license mechanical electrical reproductions, radio broadcasting, television, and performing and motion picture rights.

2. The Owner agrees to turn over to the Publisher all Songwriters' agreements, and other agreements in existance concerning the musical composition.

3. The Publisher agrees to pay the Owner as follows:

FIFTY (50) percent of all monies received from Broadcast Music Inc.

FIFTY (50) percent of any and all royalties which may be received from any and all sources both foreign and domestic after the payment to the writers as stated in the songwriter's agreements.

FIFTY (50) percent of any amounts received from the sale of sheet music, orchestrations and/or other publications, after the deduction of costs of printing and writers' royalties. (It is understood that the sale of sheet music, orchestrations and printed matter is handled by and through a sales agent)

Payments as above set forth are to be made to the Owner not later than 45 days after the end of each quarter on, to wit: February 15th, May 15th, August 15th and November 15th of each year.
This agreement to remain in effect during the life of all copyrights.
    In witness whereof the parties hereto have caused these presents to be signed and sealed the day and year first above shown.

LAWN MUSIC COMPANY

_~ ↗ Brown_

FREDERICK MUSIC COMPANY

_~ ↗ ___ (Pres.)_

#1

March 6, 1964

VOL 2821 PAGE 339

To Whom It May Concern:

You are hereby notified, that effective as of January 1, 1964, we have assigned all publishing rights throughout the entire world to our entire catalogue, to **FREDERICK MUSIC COMPANY**, 1325 S. Michigan Avenue, Chicag 5, Illinois.

This includes the right to print, publish, vend and sell and issue licenses for all uses whatsoever, and to collect all royalties.

You are authorized and directed to pay all royalties and other income earned or due, to said FREDERICK MUSIC COMPANY.

Yours very truly,

Witness:                    LAWN MUSIC COMPANY

                            By:

A-2



EX # 3

NOV 0 2 2009

Attn. Denise M. Cross
McDermott & McDermott Ltd.
600 Holiday Plaza, Suite 500
Matteson, IL  60443-2239

**National Archives Trust Fund**
201 Varick Street, 12th floor
New york, NY 10014
(212) 401-1620

Minimum mail order charge
MINCHG          1 @        15.00          $15.00
Paper-paper page count
PEP0000         20
              2° 00 ITEMS SUBTOTAL          $15.00
                    TOTAL                    $15.00
                    Credit Card             $15.00
                    ************0446
                    Change Due              $0.00

NRAANNW0001669

LOC:    NRAAN              WKS:   NRAAN_01
OPER:   cgushman           SLS:   CGUSHMAN
DATE:   10/29/2009         TIME:  4:00:15 PM
CUSTOMER ACCOUNT:   NRAAN

*Ready Access to*
*Essential Evidence*

 *National Archives and Records Administration*

**NORTHEAST REGION**
201 VARICK STREET-12ᵗʰ FLOOR
NEW YORK, NEW YORK    10014-4811
*www.archives.gov/northeast/nyc*

October 29, 2009

Attn. Denise M. Cross
McDermott & McDermott Ltd.
600 Holiday Plaza, Suite 500
Matteson, IL 60443-2239

Dear Researcher:

Per your request, I have enclosed a copy of the following court case:

**Record Group 21, U.S. District Courts of the United States
U.S. District Court for the Southern District of New York
Civil docket # 69 Civ. 4375
Lawn Music Co., et al vs. Liberty Records, Inc. et al**

We have provided a copy of the entire case file.

As agreed, we charged our $15 minimum mail order fee to your credit card. We have
enclosed a receipt for this transaction.

Please contact me if you have any questions about these copies. You can call our general
office number (212.401.1620 or 866.840.1752 toll-free) and ask for me.

Sincerely,

Chris Gushman
Archives Specialist

Enclosures

David G. McDermott
Deborah D. McDermott

THE LAW FIRM OF

*McDermott & McDermott Ltd.*

600 Holiday Plaza, Suite 500
Matteson, IL 60443-2239
Office (708) 747-9440
Fax (708) 747-9445

September 29, 2009

Federal Court Building
Attn: Records Management, Room 270
500 Pearl Street
New York, New York 10007

### Re: Case File Request (69 CIV 4375)

To Whom It May Concern:

I am hereby requesting a copy of the above-referenced file to be sent to my attention to the address also located above.

Please contact me with any questions and/or payment information at 708-747-9440.

Sincerely,

Denise M. Cross

*We appreciate your business and referrals. We practice in the following areas:*
PERSONAL INJURY ♦WORKERS' COMPENSATION ♦MEDICAL MALPRACTICE♦ CORPORATIONS ♦FAMILY LAW ♦TRAFFIC ♦ DUI ♦CRIMINAL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
*************************************************

CIVIL and BANKRUPTCY
Designation form to be used by Counsel to indicate the Category of
the cause for purposes of Assignment to the Appropriate Calendar.
=================================================================

| Short title: | = | This space reserved for Clerk's Office |
| Lawn music et al | = | |
| Liberty Records etal | = | 69 CIV. 4875 |

=================================================================

**BASIS OF JURISDICTION**
Place an (x) next to ONE, ONLY.
1.( ) U.S. Pltff.   2.( ) U.S. Deft.   3.( ) Fed. Quest.   4.(✓) Diversity
5.( ) Other, Specify Statute: _TITLE 17 U.S.C. Copyright_

Briefly state general nature of action and amount in suit:
Copyright Infringement - Accounting - the
amount for suit is unknown but upon information and
belief is excess of $10,000   Total amount $..................

=================================================================

**PENDING RELATED CAUSE(S), IF ANY**   Docket No.

Judge.....................or Referee.....................
CIVIL cases are deemed related if pending case involves:
    1.( ) Property included in an earlier numbered pending suit.
    2.( ) Same issue of fact or grows out of the same transaction.
    3.( ) Validity or infringement of the same patent, copyright or
        trademark.
BANKRUPTCY cases are deemed related if a pending case involves:
    1.( ) Husband or Wife
    2.( ) Property included in an earlier numbered suit.
=================================================================

**CIVIL**
Place an (x) in ONE category, ONLY.
| | |
| 1.( ) Insurance | 7.( ) Civil Rights |
| ** 2.( ) OTHER Contract | *** 8.( ) Habeas Corpus & other Post |
| 3.( ) Admiralty & Maritime- | Conviction Petitions |
| Personal Injury | 9.( ) Labor laws |
| 4.( ) Admiralty & Maritime- | 10.(✓) Patent, Trademark & Copyright |
| Other than P.I. | 11.( ) Income Tax |
| 5.( ) Other Personal Injury | 12.( ) Stockholder suits |
| and F.E.L.A. | 13.( ) Securities laws & S.E.C. suits |
| 6.( ) Antitrust | 14.( ) General Civil (all other) |

** If OTHER CONTRACT state type of contract:

....................................................................
*** If under T.28 USC 2255 name sentencing Judge

=================================================================
**BANKRUPTCY**
Place an (x) in the category which indicates the type of action:
    1.( ) General          2.( ) Chapter X

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

------------------------------------------

LAWN MUSIC COMPANY, FREDERICK MUSIC
COMPANY, FLOYD JONES and JOE BROWN

                    Plaintiffs

                vs.

LIBERTY RECORDS, INC. (now known as
Liberty/UA, Inc.) and METRIC MUSIC
COMPANY, INC.

                    Defendants

------------------------------------------

Civil Action File No.
69 Civ. 4375

STIPULATION
DISCONTINUING ACTION

·IT IS HEREBY STIPULATED AND AGREED, that the above

entitled action be, and the same hereby is discontinued, with

prejudice, without costs to either party as against the other.

Dated:    June    , 1970                ORENSTEIN, ARROW & SILVERMAN

PHILLIPS, NIZER, BENJAMIN, KRIM
        and BALLON                      By

                                        Attorneys for Plaintiffs

By:

Attorneys for Defendants

SO ORDERED _September 1, 1972_

U.S.D.J.



Civil Action File No. 69 Civ. 4375

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

LAWN MUSIC COMPANY, FREDERICK
MUSIC COMPANY, FLOYD JONES and
JOE BROWN,

        Plaintiffs,

-vs.-

LIBERTY RECORDS, INC. (now known
as Liberty/UA, Inc.) and METRIC
MUSIC COMPANY, INC.,

        Defendants.

STIPULATION DISCONTINUING
ACTION

ORENSTEIN, ARROW & SILVERMAN
Attorneys for Plaintiffs
119 West 57th Street
New York, New York 10019

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF NEW YORK

LAWN MUSIC COMPANY, FREDERICK
MUSIC COMPANY, FLOYD JONES and
JOE BROWN

          Plaintiffs

   -against-

LIBERTY RECORDS, INC. (now known as
LIBERTY/UA **INC.**) and METRIC MUSIC
COMPANY

         Defendants

COMPLAINT

     Plaintiffs, complaining of the defendants by their
attorneys, Orenstein, Arrow & Silverman, allege:

     FOR A FIRST CAUSE OF ACTION Plaintiffs Lawn Music
Company and Frederick Music Company allege:

     1.  This action arises under the Copyright Law of the
United States of America, Title 17, United States Code, the
amendments thereto and all other laws governing copyright.

     2.  Plaintiff Lawn Music Company (Lawn) at all times
mentioned in this complaint was and still is a corporation
organized and existing under the laws of the State of Illinois,
and is engaged in the business of publishing, vending and
otherwise marketing copyrighted musical works.

     3.  Plaintiff Frederick Music Company (Frederick) at all
times mentioned in this complaint was and still is a corporation
organized and existing under the laws of the State of Illinois
and is engaged in the business of publishing, vending and

otherwise marketing copyrighted musical works.

4. Pursuant to the terms of an exclusive license agreement between Frederick and Lawn dated March 6, 1964, Frederick controls and administers Lawn's entire catalog of musical compositions.

5. Upon information and belief, Defendant Metric Music Company (Metric) at all times mentioned in this complaint was and still is a corporation organized and existing under the laws of the State of California, is licensed and doing business in the State of New York, and is engaged in the business of publishing, vending and otherwise marketing copyrighted musical works.

6. Upon information and belief Defendant Liberty Records, Inc. (Liberty) at all times mentioned in this complaint was and still is a wholly owned subsidiary of Metric, and a corporation organized and existing under the laws of the State of California, is licensed and doing business in the State of New York and is engaged in the business of producing, manufacturing, distributing and selling phonograph records, articles and other devices which reproduce musical compositions mechanically.

7. Upon information and belief the matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000.

8. During the year 1952, Floyd Jones, a citizen of the United States of America and a resident of the State of Illinois, created and wrote an original musical composition and the lyrics thereto, entitled "ON THE ROAD AGAIN" ("the Composition").

9.   Thereafter during the year 1952 or 1953, Floyd Jones duly assigned all his right, title and interest in and to the Composition to Lawn.

10.   Commencing on the date of the creation of the Composition and at all times thereafter, Title 17, U.S.C., the amendments thereto, and all other laws governing copyright were duly complied with and Lawn secured the exclusive rights and privileges in and to the copyright in the Composition and received from the Register of Copyrights a Certificate of Registration dated and identified as follows: "September 16, 1968; Class E, Ep 249982." A copy of the Composition is hereto attached as Exhibit A.

11.   At the times of the acts of infringement complained of herein, Lawn was and still is the proprietor of the copyright in the Composition.

12.   On or about the 19th day of June, 1968 Frederick, pursuant to the terms of its agreement with Lawn, issued to Liberty, at Liberty's request, a mechanical license authorizing Liberty to use the Composition upon parts of instruments serving to reproduce the Composition mechanically ("the Mechanical License").

13.   Upon information and belief Liberty manufactured and sold phonograph records which mechanically reproduced a substantial portion of the Composition on or before the 19th day of June, 1968 and on numerous occasions thereafter, but failed to and refused to pay royalties and to account to Frederick despite

-3-

demands made upon Liberty on numerous occasions.

14.  On or about the 9th day of June, 1969 Frederick, on behalf of Lawn, notified Liberty in writing that its Mechanical License had been repudiated and revoked thereby rescinding Liberty's Mechanical License ab initio.

FOR A SECOND CAUSE OF ACTION Plaintiffs Lawn Music Company and Frederick Music Company allege:

15.  Repeat and reallege each and every allegation contained in Paragraphs 1 through 14 of the first cause of action.

16.  Upon information and belief, after June 9, 1969 Liberty continued to infringe Lawn's copyright in the Composition by continuing to manufacture and sell phonograph records which mechanically reproduced substantial portions of the Composition.

FOR A THIRD CAUSE OF ACTION Plaintiffs Lawn Music Company and Frederick Music Company allege:

17.  Repeat and reallege each and every allegation contained in paragraphs 1 through 14 of the first cause of action and 15 through 16 of the second cause of action.

18.  Upon information and belief Metric infringed Lawn's copyright in the Composition after March 27, 1967 by printing, publishing, vending and publicly performing for profit and licensing and otherwise contributing to, participating in and being concerned in the printing, publishing, vending and public performance for profit of a musical composition substantially copied from the Composition.

-4-

19. Metric was notified that it infringed Lawn's copyright in the Composition but Metric continued to infringe the copyright thereafter.

FOR A FOURTH CAUSE OF ACTION Plaintiffs Lawn Music Company and Frederick Music Company allege:

20. Repeat and reallege each and every allegation contained in paragraphs 1 through 14 of the first cause of action, 15 through 16 of the second cause of action and 17 through 19 of the third cause of action.

21. Upon information and belief Metric infringed Lawn's copyright in the Composition on or before the 27th day of June, 1969 by issuing a license to Liberty which purportedly authorized Liberty to use substantial portions of the Composition upon parts of instruments serving to reproduce the Composition mechanically.

FOR A FIFTH CAUSE OF ACTION Plaintiffs Floyd Jones and Joe Brown allege:

22. Repeat and reallege each and every allegation contained in paragraphs 1 and 5 through 8 of the first cause of action.

23. During the year 1951, Floyd Jones and Joe Brown ("the Composers"), citizens of the United States of America and residents of the State of Illinois, created and wrote an original musical composition and the lyrics thereto, entitled "DARK ROAD BLUES" ("the Second Composition").

24. Commencing on the date of the creation of the Second Composition and at all times thereafter, Title 17 U.S.C.,

-5-

the amendments thereto, and all other laws governing copyright
were duly complied with and the Composers secured the exclusive
rights and privileges in and to the copyright of the Composition
and received from the Register of Copyrights a Certificate of
Registration dated and identified as follows: "March 14, 1952,
Class E, EU 269885." A copy of the second composition is
attached hereto as Exhibit B.

    25. At the times of the acts·of infringement
complained of herein, the Composers were and still are the
proprietors of the copyright in the Second Composition.

    26. Upon information and belief, on or before the 19th
day of June, 1968 and on numerous occasions thereafter, Liberty
infringed the Composers' copyright in the Second Composition by
manufacturing and selling phonograph records which mechanically
reproduced substantial portions of the Second Composition.

    FOR A SIXTH CAUSE OF ACTION Plaintiffs Floyd Jones and
Joe Brown allege:

    27. Repeat and reallege each and every allegation
contained in paragraphs 1 and 5 through 8 of the first cause of
action and 22 through 26 of the fifth cause of action.

    28. Upon information and belief, Metric infringed the
Composers' copyright in the Second Composition after March 27,
1967 by printing, publishing, vending and publicly performing for
profit and licensing and otherwise contributing to, participating
in and being concerned in the printing, publishing, vending and
public performance for profit of a musical composition

-6-

substantially copied from the Second Composition.

WHEREFORE Plaintiffs demand as follows:

I.  That the defendants, their agents and servants, be enjoined permanently from infringing Lawn's copyright in the Composition in any manner whatsoever and from printing, publishing, vending and publicly performing for profit, licensing and otherwise contributing to, participating in and being concerned in the printing, publishing, vending and public performance for profit of, and disposing of copies of any musical composition containing the Composition or any portion thereof, and from manufacturing, using, selling, licensing and otherwise contributing to, participating in and being concerned in the manufacture, use and sale of parts of instruments serving to reproduce mechanically the Composition or any portion thereof.

II.  That the defendants, their agents and servants, be enjoined permanently from infringing the Composers' copyright in the Second Composition in any manner whatsoever and from printing, publishing, vending and publicly performing for profit, licensing and otherwise contributing to, participating in and being concerned in the printing, publishing, vending and public performance for profit of, and disposing of copies of any musical composition containing the Second Composition or any portion thereof, and from manufacturing, using, selling, licensing and otherwise contributing to, participating in and being concerned in the manufacture, use and sale of parts of instruments serving to reproduce mechanically the Second Composition or any portion

thereof.

III. That defendants and each of them be required to pay Lawn the applicable royalties and damages, as provided in section 1, subsection (e) and section 101 (e) of Title 17 of the United States Code.

IV. That defendants and each of them be required to pay the Composers the applicable royalties and damages, as provided in section 1, subsection (e) and section 101 (e) of Title 17 of the United States Code.

V. That the defendants be required to deliver up to be impounded all copies of and parts of instruments serving to reproduce mechanically copies of any musical composition which contains the Composition or any portion thereof in their possession or under their control, and to deliver up for destruction all infringing copies and all plates, molds and other matter for making such infringing copies and parts of instruments.

VI. That the defendants be required to deliver up to be impounded all copies of and parts of instruments serving to reproduce mechanically copies of any musical composition which contains the Second Composition or any portion thereof in their possession or under their control, and to deliver up for destruction all infringing copies and all plates, molds and other matter for making such infringing copies and parts of instruments.

VII. That Liberty be required to account for all gains, profits and advantages derived by it during the term of

the Mechanical License with Lawn prior to the termination

thereof and pay to Lawn such royalties as are required by the

terms of such Mechanical License.

      VIII.  That the defendants be decreed to pay the costs

of this action and that a reasonable attorneys' fee be allowed by

the court to be ratably shared by the plaintiffs as part of the

costs.

      IX.  For such other and further relief as may be just

and equitable.

ORENSTEIN, ARROW & SILVERMAN

By _____

Attorneys for Plaintiffs
119 West 57th Street
New York, New York  10019

-9-



Copyright © 1968 by Lawn Music Company Publishing rights throughout the world controlled by FREDERICK MUSIC COMPANY, 1313 S. Michigan Ave., Chicago, Ill.

TR-12        EXHIBIT A





oh — can't go down stormy road by myself —
dark road by myself going to be early in the mornin
gonna carry somebody else oh my mother died and lef
oh when I was quite young Say Lord have mercy on m
wicked son oh stop the train conductor let me r
let the poor boy ride you have to buy your ticke
son the train aint none of mine oh I started
walking down the lonesome lonesome road goun
be early in the morning now don't you hear m
crying I started walking down the road gonna b
early in the morning boy you'll see me go

These 2 songs are recorded. The copyright has be
filled Mar 12 51 5000    EXHIBIT B

STATE OF NEW YORK, COUNTY OF

CERTIFICATION OF ATTORNEY

The undersigned, an attorney admitted to practice in the courts of New York State, certifies that the within

has been compared by the undersigned with the original and

found to be a true and complete copy.

Dated:

.........................................................................................

STATE OF NEW YORK, COUNTY OF

ATTORNEY'S AFFIRMATION

The undersigned, an attorney admitted to practice in the courts of New York State, shows: that deponent is

the attorney(s) of record for

in the within action; that deponent has read the foregoing

and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true. Deponent further says that the reason this verification is made by deponent and not by

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated:

.........................................................................................

STATE OF NEW YORK, COUNTY OF                ss.:

INDIVIDUAL VERIFICATION

, being duly sworn, deposes and says that

deponent is           the                                          in the within action; that deponent has

read the foregoing                                          and knows the contents thereof; that

the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters deponent believes it to be true.

Sworn to before me, this           day of           19  ..............................................

STATE OF NEW YORK, COUNTY OF                ss.:

CORPORATE VERIFICATION

, being duly sworn, deposes and says that deponent is the

of                                                                         the corporation

named in the within action; that deponent has           read the foregoing

and knows the contents thereof; and that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and as to those matters deponent believes it to be true.

This verification is made by deponent because said corporation. Deponent is an officer thereof,

is a

The grounds of deponent's belief as to all matters not stated upon deponent's knowledge are as follows:

Sworn to before me, this           day of           19  ..............................................

STATE OF NEW YORK, COUNTY OF                ss.:

AFFIDAVIT OF SERVICE BY MAIL

being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at

That on the           day of           19           deponent served the within

upon                                                                         attorney(s) for

in this action, at           the address designated by said attorney(s) for that purpose

by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in — a post office — official depository under the exclusive care and custody of the United States post office department within the State of New York.

Sworn to before me, this           day of           19  ..............................................

STATE OF NEW YORK, COUNTY OF                ss.:

AFFIDAVIT OF PERSONAL SERVICE

being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at

That on the           day of           19           at No.

deponent served the within

upon                                                                         personally. Deponent knew the

the                              herein, by delivering a true copy thereof to           h           therein.

person so served to be the person mentioned and described in said papers as the

Sworn to before me, this           day of           19  ..............................................

Index No.                    Year 19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWN MUSIC COMPANY et al.

                    Plaintiffs

v.

LIBERTY RECORDS, INC. et al.

                    Defendants

SUMMONS and COMPLAINT

ORENSTEIN, ARROW & SILVERMAN

*Attorneys for* Plaintiffs

*Office and Post Office Address, Telephone*

119 West 57th Street

Borough of Manhattan     New York, N. Y. 10019

                    JUdson 6-1451

To

Attorney(s) for

Service of a copy of the within

Dated,                                  is hereby admitted.

Attorney(s) for

1508-©1961, JULIUS BLUMBERG, INC., 80 EXCHANGE PLACE, N. Y. 4

---

NOTICE OF ENTRY

Sir :- Please take notice that the within is a *(certified)*
true copy of a
duly entered in the office of the clerk of the within
named court on                              19

Dated,

          Yours, etc.,

ORENSTEIN, ARROW & SILVERMAN

*Attorneys for*

*Office and Post Office Address*

119 West 57th Street

Borough of Manhattan     New York, N. Y. 10019

To

Attorney(s) for

          NOTICE OF SETTLEMENT

Sir :- Please take notice that an order

of which the within is a true copy will be presented
for settlement to the Hon.

one of the judges of the within named Court, at

on the     day of                         19

at          M.

Dated,

          Yours, etc.,

ORENSTEIN, ARROW & SILVERMAN

*Attorneys for*

*Office and Post Office Address*

119 West 57th Street

Borough of Manhattan     New York, N. Y. 10019

To

Attorney(s) for

Form USM-282
(Rev. 4-15-67)

# RETURN ON SERVICE OF WRIT

## United States of America

_____ DISTRICT OF _____ New York

Dawn Music Company, et al.

Clerk's No. ___ 69 Civ 4773

_vs._

Liberty Records, Inc. (now known
as Liberty/UA Inc. ) et al

U.S. Marshal's No. 3654-69

---

### SERVICE COMPLETED or ENDEAVOR TO SERVE

I hereby certify and return that I ~~endeavored to serve~~ served the annexed ___ Summons & Complaint
                                                                                              (Writ)

on the therein-named ____ Liberty Records, Inc. _____
                                    (Name of individual, company, corporation, etc.)

by handing to and leaving a true and correct copy thereof with ~~(if endeavor — describe what was~~
~~done in endeavoring to serve)~~ Mr. Sewald Benjamin, Vice President & Secretary ___
                                    (Name of individual or agent of company, corporation, etc.)
of Metric Music Company

personally at ~~(if endeavor — show addresses where endeavors made)~~ _____

729  7th Avenue
                    (Address—Street number, apartment number, rural route, etc.)
New York                                          NY                      ___ in the said District
(City)                                           (State)

at _____ a.m.–p.m., on the _____ 7th _____ day of _____ Oct. _____, 19 69

---

### SERVICE NOT COMPLETED

Date _____

I hereby certify and return, that on the _____ day of _____, 19 ____,

I received the within _____ and that after

diligent search, I am unable to find the within named _____

_____ within said district.

---

Marshal's fees ___ 3 00

Mileage ___ 96

3.96

ANTHONY R. HARRITT
                                         United States Marshal.
By ___ Frank J. Biffill
                                         Deputy.
GPO : 1967—O—250-803

M E M O R A N D U M

TO: ANTHONY T. MARASCO
UNITED STATES MARSHAL, SDNY

FROM   L. PETER PARCHER
        (Attorney of Record)

119 W 57 St.                    JU-6-1451
(Address)                      (Telephone No.)

        SUMMONS & COMPLAINT
              (Type of Writ)

Please Serve Defendant (s): LIBERTY RECORDS, INC.

1.  %  UNART MUSIC              SEWARD BENJAMIN
              Name               VP + SEC.
        729 - 7 ª AR          New York City
              Address

2.                        729
              Name

              Address

3.
              Name

              Address

4.
              Name

              Address

5.
              Name

              Address

6.
              Name

              Address

7.
              Name

              Address

8.
              Name

              Address

9.
              Name

              Address

10.
              Name

              Address

# United States District Court

## FOR THE

### SOUTHERN DISTRICT OF NEW YORK

CIVIL ACTION FILE NO.

LAWN MUSIC COMPANY, FREDERICK MUSIC
COMPANY, FLOYD JONES and JOE BROWN

Plaintiff s

v.

LIBERTY RECORDS, INC. (now known as
LIBERTY/UA INC.) and METRIC MUSIC COMPANY

Defendant s

U. S. DISTRICT COURT
FILED
OCT 20 1969
S. D. OF N.Y.

SUMMONS

RECEIVED
1969 OCT -6 PM 1: 12
S.D.N.Y.

To the above named Defendant :

You are hereby summoned and required to serve upon Orenstein, Arrow, & Silverman

plaintiff's attorney , whose address 119 West 57th Street, New York, New York 10019

an answer to the complaint which is herewith served upon you, within 20 days after service of this

summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be

taken against you for the relief demanded in the complaint.

JOHN LIVINGSTON

Clerk of Court.
Deputy Clerk.

Date: **OCT 6 - 1969**

[Seal of Court]

Note:—This summons is issued pursuant to Rule 4 of the Federal Rules of Civil Procedure.

RETURN OF SERVICE OR MAIL

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - -

LAWN MUSIC COMPANY, FREDERICK          :
MUSIC COMPANY, FLOYD JONES and
JOE BROWN,                             :

                Plaintiffs,          :

         -vs.-                        :    69 CIV. 4375

LIBERTY RECORDS, INC. (now known as    :
LIBERTY/UA INC.) and METRIC MUSIC
COMPANY,                               :

               Defendants.          :

- - - - - - - - - - - - - - - - - - - x

       IT IS HEREBY STIPULATED that the time of the

defendant to answer or otherwise move with respect to the

complaint herein is extended from October 27, 1969 to and

including November 26, 1969.

Dated: New York, N.Y.
      October 24, 1969.

                    Orenstein, Arrow & Silverman
                    Attorneys for Plaintiff

                    Phillips,Nizer,Benjamin,Krim &
                                    Ballon
                    Attorneys for Defendants.

SO ORDERED: 10-27-69

        U.S.D.J.

MICROFILM
OCT 27 1969

*Weinfeld J.*

STATE OF NEW YORK,
COUNTY OF

}ss.:

, being duly sworn, deposes and says that

he is                    the                    in the within action; that          he has

read the foregoing                                                      and knows the contents thereof; that

the same is true to h          own knowledge, except as to the matters therein stated to be alleged on information and

belief, and that as to those matters          he believes it to be true.

Sworn to before me, this

day of                    19                    .................................................................................

CORPORATION VERIFICATION

STATE OF NEW YORK,
COUNTY OF

}ss.:

, being duly sworn, deposes and says that

he is the                              of the                              herein

that          he has                    read the foregoing

and knows the contents thereof, and that the same is true to h          own knowledge, except as to the matters

herein stated to be alleged upon information and belief, and as to those matters          he believes it to be true.

Deponent further says that the reason this verification is made by deponent and not by the

is because the said

is a                                        corporation, and deponent          an officer thereof, to wit its

Sworn to before me, this

day of                    19                    .................................................................................

AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK,
COUNTY OF          }ss.:

, being

duly sworn, deposes and says that          he is over the age

of                    years; that on the                    day of

19          , at No.

in the Borough of

City of                              , he served the foregoing

upon

in this action, by delivering to and leaving personally with

said                                        a true

copy thereof.

Deponent further says, that he knew the person served

as aforesaid, to be

the person mentioned and described in said

at the

therein.

Sworn to before me, this

day of                    19

...........................

AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK,
COUNTY OF          }ss.:

, being

sworn deposes and says that          he is

the attorney          for the above named          herein.

That on the                    day of                    19

he served the within

upon

the attorney          for the above named

by depositing a true copy of the same securely enclosed

in a post-paid wrapper in the Post-Office—a Branch Post-

Office—a Post Office Box regularly maintained by the

United States Government at

in the County of                                        directed to

said attorney          for the                              at

No.                                                  N. Y.

that being the address within the state designated by

h          for that purpose upon the preceding papers in

this action, or place where          h          then kept an

office, between which places there then was and now is

a regular communication by mail.

Sworn to before me, this

day of                    19

69 CIV 4375

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWN MUSIC COMPANY, et al.,

       Plaintiffs,

      -vs.-

LIBERTY RECORDS, INC, et ano.

      Defendants.

STIPULATION

ORIGINAL

PHILLIPS, NIZER, BENJAMIN, KRIM & BALLON
477 MADISON AVENUE
NEW YORK, N. Y. 10022

758-6700

Attorneys for Defendants.

---

SIRS: TAKE NOTICE that the within is a

copy of an
this day entered herein in the office of the Clerk
of the

Dated, New York, 19

      Yours, etc.

PHILLIPS, NIZER, BENJAMIN, KRIM & BALLON

Attorneys for

      477 Madison Avenue
      New York, N. Y. 10022

TO:

Attorney for

SIRS: TAKE NOTICE that the within is a
copy of an order which will be presented for
settlement to the Hon.

at A Special Term

in the County of
on the day of
19 , at 10:30 o'clock in the forenoon.

Dated, New York, 19

      Yours, etc.

PHILLIPS, NIZER, BENJAMIN, KRIM & BALLON

Attorneys for

      477 Madison Avenue
      New York, N. Y. 10022

TO:

Attorney for

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - x

LAWN MUSIC COMPANY, FREDERICK       :
MUSIC COMPANY, FLOYD JONES and
JOE BROWN,                          :

            Plaintiffs,      :

       -vs.-                       :    69 CIV. 4375

LIBERTY RECORDS, INC. (now known    :
as LIBERTY/UA INC.) and METRIC
MUSIC COMPANY,                      :

            Defendants.      :

- - - - - - - - - - - - - - - - - x

       IT IS HEREBY STIPULATED that the time of the

defendants to answer or otherwise move with respect to the

complaint herein is extended from November 26, 1969 to and

including December 10, 1969.

Dated:  New York, N. Y.
       November 26, 1969

                *Orenstein Arrow & Silverman*

                Orenstein, Arrow & Silverman
                Attorneys for Plaintiff

                *Phillips, Nizer, Benjamin, Krim & Ballon*

                Phillips, Nizer, Benjamin, Krim
                  & Ballon,
                Attorneys for Defendants

SO ORDERED: 11/26/69

           U.S.D.J.

MICROFILM
NOV 28 1969

*Crooke, J.*

STATE OF NEW YORK,
COUNTY OF

} ss.:

, being duly sworn, deposes and says that
he is       the       in the within action; that     he has
read the foregoing                            and knows the contents thereof; that
the same is true to h    own knowledge, except as to the matters therein stated to be alleged on information and
belief, and that as to those matters    he believes it to be true.

Sworn to before me, this
day of       19            .................................................................

### CORPORATION VERIFICATION

STATE OF NEW YORK,
COUNTY OF

} ss.:

, being duly sworn, deposes and says that
he is the                        of the                          herein
that    he has            read the foregoing
and knows the contents thereof, and that the same is true to h    own knowledge, except as to the matters
herein stated to be alleged upon information and belief, and as to those matters    he believes it to be true.
Deponent further says that the reason this verification is made by deponent and not by the
is because the said
is a                   corporation, and deponent an officer thereof, to wit its

Sworn to before me, this
day of       19            .................................................................

### AFFIDAVIT OF PERSONAL SERVICE

STATE OF NEW YORK, } ss.:
COUNTY OF

, being
duly sworn, deposes and says that    he is over the age
of        years; that on the       day of
      19   , at No.
in the Borough of
City of           , he served the foregoing
upon
in this action, by delivering to and leaving personally with
said                    a true
copy thereof.
Deponent further says, that he knew the person served
as aforesaid, to be
the person mentioned and described in said
                 as the
                 therein.

Sworn to before me, this
day of       19

.................................................

### AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK, } ss.:
COUNTY OF

, being
sworn deposes and says that    he is
the attorney    for the above named        herein.
That on the          day of        19
he served the within
upon
the attorney    for the above named
by depositing a true copy of the same securely enclosed
in a post-paid wrapper in the Post-Office—a Branch Post-
Office—a Post Office Box regularly maintained by the
United States Government at
in the County of               directed to
said attorney    for the             at
No.                            N. Y.
that being the address within the state designated by
h    for that purpose upon the preceding papers in
this action, or place where    h    then kept an
office, between which places there then was and now is
a regular communication by mail.

Sworn to before me, this
day of       19

ATTORNEY'S AFFIRMATION

STATE OF NEW YORK, COUNTY OF

The undersigned, being an attorney duly admitted to practice in the courts of this state, and being the attorney of record or an attorney acting as of counsel to the attorney of record for                     in this action, affirms the following under penalty of perjury

The deponent has read the foregoing                     and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged on information and belief, and that as to those matters     he belives it to be true.

The grounds of the undersigned's belief as to all matters not stated upon h     knowledge are as follows:

Dated                     19

Index No. 69 Civ. 4375

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LAWN MUSIC COMPANY, FRED-
ERICK MUSIC COMPANY, FLOYD
JONES and JOE BROWN,

Plaintiffs,

-vs.-

LIBERTY RECORDS, INC. (now
known as LIBERTY/UA INC.)
and METRIC MUSIC COMPANY,

Defendants.

STIPULATION

ORIGINAL

PHILLIPS, NIZER, BENJAMIN, KRIM & BALLON
477 MADISON AVENUE
NEW YORK, N.Y. 10022
——
758-6700

Attorneys for     Defendants

A G R E E M E N T made as of the ... day of ..., ...
between FREDRICK MUSIC COMPANY ("Frederick"), LAWN MUSIC COMPANY
"Lawn"), METRIC MUSIC COMPANY, Inc. ("Metric") and LIBERTY/UA, INC.
"Liberty").

WHEREAS a dispute has arisen between the parties with
respect to the substantial similarity between a musical composition
copyrighted by Metric entitled "ON THE ROAD AGAIN" ("the Composition")
(a copy of which is attached as Exhibit A) and a musical composition
owned by Lawn of the same name ("the Lawn version of the Composition")
(a copy of which is attached hereto as Exhibit B).

NOW, THEREFORE, in consideration of the mutual promises
hereinafter set forth, it is agreed as follows:

1. Metric hereby assigns, sells and transfers to Lawn one-
half ($\frac{1}{2}$) of its right, title and interest in and to the Composition
including the copyright therein (Registration Nos. EU 89256, EU 98008)
for the full original term of copyright and for the renewal terms of
copyright and any extensions thereof to the extent controlled by Metric.

(a) Metric represents and warrants that pursuant to an
agreement with Alan Wilson it owns and controls the Composition, that
it has the unequivocal right to execute this assignment and that it
has not previously granted rights to any other party which in any way
conflicts with or derogates from the rights granted hereunder. The
foregoing is subject to claims heretofore made by Frederick and Lawn
based on the Lawn version of the Composition.

## Copyright Office of the United States of America
### THE LIBRARY OF CONGRESS
#### WASHINGTON

THIS IS TO CERTIFY THAT THE ATTACHED INSTRUMENT WAS RECORDED IN
THE COPYRIGHT OFFICE RECORDS OF ASSIGNMENTS AND RELATED DOCU-
MENTS ON THE DATE AND IN THE PLACE SHOWN BELOW.

IN TESTIMONY WHEREOF THE SEAL OF THIS OFFICE IS AFFIXED HERETO.

*Abraham L. Kaminstein*
REGISTER OF COPYRIGHTS

Date of Recordation
**10 Oct 70**
Volume           Pages
**1394**          **393-404**

CERTIFICATION A (JUNE 1989-18,000)

...ick against any
...able attorneys'
...reason of a proven
...herein contained.
...his agreement,
...ibit C (attached

...his agreement,
...er to Broadcast
...eto) and Metric
...rsigned by Alan

between FREDERICK MUSIC COMPANY ("Frederick"); LAWN MUSIC COMPANY ("Lawn"), METRIC MUSIC COMPANY, Inc. ("Metric") and LIBERTY/UA, INC. ("Liberty").

WHEREAS a dispute has arisen between the parties with respect to the substantial similarity between a musical composition copyrighted by Metric entitled "ON THE ROAD AGAIN" ("the Composition") (a copy of which is attached as Exhibit A) and a musical composition owned by Lawn of the same name ("the Lawn version of the Composition") (a copy of which is attached hereto as Exhibit B).

NOW THEREFORE, in consideration of the mutual promises hereinafter set forth, it is agreed as follows:

1. Metric hereby assigns, sells and transfers to Lawn one-half (½) of its right, title and interest in and to the Composition including the copyright therein (Registration Nos. EU 89256, EU 98068) for the full original term of copyright and for the renewal terms of copyright and any extensions thereof to the extent controlled by Metric.

(a) Metric represents and warrants that pursuant to an agreement with Alan Wilson it owns and controls the Composition, that it has the unequivocal right to execute this assignment and that it has not previously granted rights to any other party which in any way conflicts with or derogates from the rights granted hereunder. The foregoing is subject to claims heretofore made by Frederick and Lawn based on the Lawn version of the Composition.

(b) Metric indemnifies Lawn and Frederick against any loss, liability, damage or expense (including reasonable attorneys' fees) suffered or incurred by Lawn or Frederick by reason of a proven breach of Metric's representations and warranties herein contained.

2. Simultaneously with the execution of this agreement, Metric shall execute a document in the form of Exhibit C (attached hereto).

3. Simultaneously with the execution of this agreement, Metric shall execute and cause to be mailed a letter to Broadcast Music, Inc. in the form of Exhibit D (attached hereto) and Metric and Frederick shall cause such letter to be countersigned by Alan Wilson and Floyd Jones respectively.

VOL 1384 PAGE 3

(c)  After deduction of writer royalties to be paid by it pursuant to Paragraph 5 hereof, the party collecting sums earned by the expolitation of the Composition (whether or not received by such party prior to the date hereof) shall pay to the other fifty (50%) percent of all income received in connection with the musical composition, less only:

(i)  one-half (½) of the collection or other fees charged by a collection agent who renders services with respect to the Composition (provided that such charges shall not be in excess of those customarily imposed on music publishers throughout the industry); and

(ii)  one-half (½) of the actual costs and expenses of printing, arranging, editing, exploiting and selling printed editions of the Composition, including but not limited to sales agency expenses, as well as one-half (½) of the actual costs and expenses, other than overhead and salaries of employees of a party, incurred in the promotion of phonograph records embodying the Composition.

(d)  Public performance rights in the Composition have been or shall be assigned to and licensed by BMI, which society shall be authorized to collect all monies earned from public performances of the Composition and to pay directly to Frederick and Metric one-half (½) each of the share which it customarily allocates to Frederick and Metric pursuant to their respective agreements with it.  This provision is specifically subject to the provisions of the letter identified as Exhibit D (attached hereto).

(e)  All sums payable to Frederick or Metric (as the case may be) pursuant to the terms of this agreement shall be accounted for in writing and paid at the time of accounting at the same times as the party responsible for the payments customarily accounts to authors and composers, but in no event less than twice a year.

(f)  The terms contained hereunder shall be applicable for the copyright term of the Composition and any renewal or extended term anywhere in the world controlled by any party hereto.

(g)  Metric shall also be entitled exclusively to license the sub-publication of the Composition outside the United States and Canada on the understanding that for the purposes of division under Para

by the exploitation of the Composition (whether or not received by such party prior to the date hereof) shall pay to the other fifty (50%) percent of all income received in connection with the musical composition, less only:

(i) one-half ($\frac{1}{2}$) of the collection or other fees charged by a collection agent who renders services with respect to the Composition (provided that such charges shall not be in excess of those customarily imposed on music publishers throughout the industry); and

(ii) one-half ($\frac{1}{2}$) of the actual costs and expenses of printing, arranging, editing, exploiting and selling printed editions of the Composition, including but not limited to sales agency expenses, as well as one-half ($\frac{1}{2}$) of the actual costs and expenses, other than overhead and salaries of employees of a party, incurred in the promotion of phonograph records embodying the Composition.

(d) Public performance rights in the Composition have been or shall be assigned to and licensed by BMI, which society shall be authorized to collect all monies earned from public performances of the Composition and to pay directly to Frederick and Metric one-half ($\frac{1}{2}$) each of the share which it customarily allocates to Frederick and Metric pursuant to their respective agreements with it. This provision is specifically subject to the provisions of the letter identified as Exhibit D (attached hereto).

(e) All sums payable to Frederick or Metric (as the case may be) pursuant to the terms of this agreement shall be accounted for in writing and paid at the time of accounting at the same times as the party responsible for the payments customarily accounts to authors and composers, but in no event less than twice a year.

(f) The terms contained hereunder shall be applicable for the copyright term of the Composition and any renewal or extended term anywhere in the world controlled by any party hereto.

(g) Metric shall also be entitled exclusively to license the sub publication of the Composition outside the United States and Canada on the understanding that for the purposes of division under Paragraph 7(c) hereof, in respect of income received from subpublishers licensed to pay less than sixty (60%) percent of all income attributable to the Composition, the said receipts from such subpublishers

- 3 -

VOL 1394 PAGE

shall be adjusted so that the share of Frederick shall be
calculated as if the licenses called for the payment of sixty (60%)
percent.

(h) Metric and Frederick, shall cause to be placed on
the same page on which the Composition is reproduced in whole or
in part the following copyright notice and credit line:

> ⓒ 1968 Lawn Music Company
> This version ⓒ 1968 Metric Music Company, Inc. and
> Lawn Music Company.

8. The Lawn version of the Composition shall not be
affected by this agreement and Lawn and Frederick shall be entitled
to exercise rights with respect thereto to the fullest extent to
which they are entitled under the Copyright Laws without regard to
this agreement.

9. Subject to the fulfillment by Metric, Wilson and Liberty
of the above required conditions, Lawn, Frederick, Jones and Joe
Brown shall release Metric and Liberty from all claims in favor of
Lawn, Frederick, Jones and Joe Brown arising out of the acts of
Metric and Liberty in connection with the Composition. In furtherance
of the intention of this paragraph, Lawn, Frederick, Jones and Joe
Brown shall cause a Stipulation of Settlement of the Civil Action
(No. 69 Civ. 4375) in the form of Exhibit G (attached hereto) to be
executed simultaneously with the execution hereof. The attorneys
for the defendants in such action shall not be entitled to file such
Stipulation until Liberty, Metric and Alan Wilson have fulfilled all
of the conditions set forth herein.

10. Both co-owners shall share equally all costs and
expenses, damages, losses and attorney's fees incurred in protecting
the musical Composition, both as to responding to claims of infringe-
ment against the musical Composition and as to bringing suit against
any infringer of said Composition provided that each party to be charged consent
writing to the provisions hereof in respect of the particular matter

11. This agreement shall not be deemed one of joint venture
or partnership between the parties or between the co-owners.

VOL 1390 PAGE

4. Liberty hereby agrees to execute a mechanical license agreement in the form of Exhibit E, (attached hereto) which shall be issued by The Harry Fox Agency on behalf of Metric and Frederick. Metric and Frederick hereby designate The Harry Fox Agency as the licensing agent with respect to mechanical reproductions of the Composition and shall direct The Harry Fox Agency to issue a license to Liberty in the form of Exhibit E.

5. Metric and Frederick shall execute a letter in the form of Exhibit F directing The Harry Fox Agency to pay to Frederick sixty (60%) percent of the mechanical royalties earned by the Composition prior to the date hereof (the remaining forty (40%) percent to be paid to Metric) and fifty (50%) percent of such sums earned thereafter to Frederick (the remaining fifty (50%) percent of such sums to be paid to Metric). Metric and Frederick acknowledge that all sums due Alan Wilson and Floyd Jones shall be paid by Metric and Frederick respectively out of sums received from the Harry Fox Agency (with respect to mechanical royalties) and from all other sources (with respect to earnings pursuant to Paragraph 7 hereof.)

6. Liberty, promptly following the execution of this agreement, shall deliver to The Harry Fox Agency, Inc. statements of account together with all monies due pursuant to the terms of the license agreement issued pursuant to Paragraph 4 hereof with respect to the mechanical reproduction of the Composition by Liberty.

7. Metric and Frederick shall each be entitled to administer in the United States and Canada the copyright to the Composition subject to the following conditions:

(a) Subject to the terms and conditions of this agreement, either Lawn or Metric may sell, assign or encumber its respective undivided one-half (½) interest in and to the copyright in the Composition without first obtaining the written permission of the other, but neither Lawn nor Metric may sell, assign or encumber the interest of the other.

licensing agent with respect to mechanical reproductions of the Composition and shall direct The Harry Fox Agency to issue a license to Liberty in the form of Exhibit E.

5. Metric and Frederick shall execute a letter in the form of Exhibit F directing The Harry Fox Agency to pay to Frederick sixty (60%) percent of the mechanical royalties earned by the Composition prior to the date hereof (the remaining forty (40%) percent to be paid to Metric) and fifty (50%) percent of such sums earned thereafter to Frederick (the remaining fifty (50%) percent of such sums to be paid to Metric). Metric and Frederick acknowledge that all sums due Alan Wilson and Floyd Jones shall be paid by Metric and Frederick respectively out of sums received from the Harry Fox Agency (with respect to mechanical royalties) and from all other sources (with respect to earnings pursuant to Paragraph 7 hereof.)

6. Liberty, promptly following the execution of this agreement, shall deliver to The Harry Fox Agency, Inc. statements of account together with all monies due pursuant to the terms of the license agreement issued pursuant to Paragraph 4 hereof with respect to the mechanical reproduction of the Composition by Liberty.

7. Metric and Frederick shall each be entitled to administer in the United States and Canada the copyright to the Composition subject to the following conditions:

(a) Subject to the terms and conditions of this agreement, either Lawn or Metric may sell, assign or encumber its respective undivided one-half (½) interest in and to the copyright in the Composition without first obtaining the written permission of the other, but neither Lawn nor Metric may sell, assign or encumber the interest of the other.

(b) Subject to the terms of Paragraph 4 hereof, Metric and Frederick may each issue or control the issuance of licenses for the mechanical reproduction, synchronization and publication of the Composition throughout the United States and Canada.

- 2 -

(h)  Metric and Frederick shall cause to be placed on the same page on which the Composition is reproduced in whole or in part the following copyright notice and credit line:

> © 1968 Lawn Music Company
> This version © 1968 Metric Music Company, Inc. and Lawn Music Company.

8.  The Lawn version of the Composition shall not be affected by this agreement and Lawn and Frederick shall be entitled to exercise rights with respect thereto to the fullest extent to which they are entitled under the Copyright Laws without regard to this agreement.

9.  Subject to the fulfillment by Metric, Wilson and Liberty of the above required conditions, Lawn, Frederick, Jones and Joe Brown shall release Metric and Liberty from all claims in favor or Lawn, Frederick, Jones and Joe Brown arising out of the acts of Metric and Liberty in connection with the Composition.  In furtherance of the intention of this paragraph, Lawn, Frederick, Jones and Joe Brown shall cause a Stipulation of Settlement of the Civil Action (No. 69 Civ. 4375) in the form of Exhibit G (attached hereto) to be executed simultaneously with the execution hereof.  The attorneys for the defendants in such action shall not be entitled to file such Stipulation until Liberty, Metric and Alan Wilson have fulfilled all of the conditions set forth herein.

10.  Both co-owners shall share equally all costs and expenses, damages, losses and attorney's fees incurred in protecting the Composition, both as to responding to claims of infringe- ment against the Composition and as to bringing suit against any infringer of said Composition.

11.  This agreement shall not be deemed one of joint venture or partnership between the parties or between the co-owners.

12.  This agreement shall be binding upon and shall inure to the benefit of the parties hereto, their respective successors in interest, legal representatives and assigns.

- 4 -

13. This agreement shall be construed under the laws of the State of New York applicable to agreements wholly to be performed therein.

IN WITNESS WHEREOF the parties hereto have caused this agreement to be executed as of the day and year first indicated above.

LAWN MUSIC COMPANY

BY ___Joe Brown___

FREDERICK MUSIC COMPANY

BY _____

METRIC MUSIC COMPANY, INC.

BY ___Sidney Shemel___

LIBERTY/UA, INC.

BY ___Sidney Shemel___





VOL 1394 PAGE 389

# ON THE ROAD AGAIN

WELL I'M SO TIRED OF CRYIN' I'M OUT ON THE ROAD-A-GAIN, I'M ON THE ROAD A-GAIN. __
FIRST TIME I TRAVELED OUT IN THE RAIN-AND SNOW, IN THE RAIN AND SNOW..
DEAR MOTHER LEFT ME, WHEN I WAS QUITE YOUNG, WHEN I WAS QUITE YOUNG
TIP FROM ME, MAMA, PLEASE, DON'T YOU CRY NO MORE, DON'T YOU CRY NO MORE
AIN'T GOIN' DOWN THAT LONG OLD LONESOME ROAD ALL _ BY MYSELF _

WELL I'M SO TIRED OF CRYIN I'M OUT ON THE ROAD-AGAIN, I'M ON THE ROAD AGAIN
YOU KNOW THE FIRST TIME I TRAVELED OUT IN THE RAIN AND SNOW, IN THE RAIN AND SNOW
AND MY DEAR MOTHER LEFT ME, WHEN I WAS QUITE YOUNG, WHEN I WAS QUITE YOUNG
TAKE A TIP FROM ME, MAMA, PLEASE DON'T YOU CRY NO MORE, DON'T YOU CRY NO MORE
BUT I AIN'T GOIN' DOWN THAT LONG OLD LONESOME ROAD ALL _ BY MYSELF...

I AIN'T GOT ___ NO WOM- AN JUST TO CALL MY SPE-CIAL FRIEND. __
I DIDN'T HAVE __ NO FARE, __ OH NOT EVEN NO PLACE TO GO. ___
SHE SAID, "LORD __ HAVE MERCY ___ ON MY WICKED SON." ___
'CAUSE IT'S SOON __ ONE MORNIN' DOWN THE ROAD I'M GOIN'. ___
I CAN'T CARRY YOU BABY GONNA CARRY SOMEBODY ELSE. ___

# ON THE ROAD AGAIN

WELL I'M SO TIRED OF CRYIN' I'M OUT ON THE ROAD-A-GAIN, I'M ON THE ROAD A-GAIN.—
FIRST TIME I TRAVELED OUT IN THE RAIN-AND SNOW, IN THE RAIN AND SNOW...
DEAR MOTHER LEFT ME, WHEN I WAS QUITE YOUNG, WHEN I WAS QUITE YOUNG
TIP FROM ME, MAMA, PLEASE DON'T YOU CRY NO MORE, DON'T YOU CRY NO MORE.
AIN'T GOIN' DOWN THAT LONG OLD LONESOME ROAD ALL — BY MYSELF —

WELL I'M SO TIRED OF CRYIN' I'M OUT ON THE ROAD-AGAIN, I'M ON THE ROAD AGAIN.
YOU KNOW THE FIRST TIME I TRAVELED OUT IN THE RAIN AND SNOW, IN THE RAIN AND SNOW.
AND MY DEAR MOTHER LEFT ME, WHEN I WAS QUITE YOUNG, WHEN I WAS QUITE YOUNG
TAKE A TIP FROM ME, MAMA, PLEASE DON'T YOU CRY NO MORE, DON'T YOU CRY NO MORE
BUT I AIN'T GOIN' DOWN THAT LONG OLD LONESOME ROAD ALL—BY MYSELF...

I AIN'T GOT — NO WOM-AN JUST TO CALL MY SPE-CIAL FRIEND. —
I DIDN'T HAVE — NO FARE, — OH NOT EVEN NO PLACE TO GO. —
SHE SAID, "LORD — HAVE MERCY — ON MY WICKED SON." —
'CAUSE IT'S SOON — ONE MORNIN' DOWN THE ROAD I'M GOIN'. —
I CAN'T CARRY YOU BABY GONNA CARRY SOMEBODY ELSE. —

2. YOU KNOW THE
3. — AND MY
4. — TAKE A
5. — BUT I

RIGHT 1968 by METRIC MUSIC COMPANY, NEW YORK, N.Y.

Exhibit A

ON THE ROAD AGAIN

FLOYD JONES





VOL **1394** PAGE **401**

## CONFIRMATION OF ASSIGNMENT

Subject to the terms and conditions of an Agreement dated
as of March 31, 1970 with respect to the musical composition
"ON THE ROAD AGAIN" (Copyright Registration No. "Class E
**EU 89256**
**EU 98008** ") by Floyd Jones and Allen Wilson, Metric Music
Company, Inc. does hereby assign to Lawn Music Company of
1323 S. Michigan Avenue, Chicago, Illinois, one-half (1/2) of
all of its right, title and interest throughout the world for
the full original and renewal terms of copyright and any ex-
tensions thereof in and to the composition.

IN WITNESS WHEREOF, this document has been executed, as of the 30 rd
day of June, 1970.

METRIC MUSIC COMPANY, INC.

By: _Sidney Shemel_

Sworn to before me this 7 rd
day of August 1970.

_Ira B. Seloky_
Notary Public

IRA B. SELSKY
NOTARY PUBLIC, State of New York
No. 91-8917860
Qualified in New York County
Commission Expires March 30, 1970

EXHIBIT C

729 Seventh Avenue
New York, New York 10019

Dated as of March 31, 1970

Broadcast Music, Inc.
589 Fifth Avenue
New York, New York 10017

Gentlemen:

Pursuant to an agreement reached between us and Lawn Music Company and Frederick Music Company, we have agreed that all fees earned with respect to the public performance of the musical composition entitled "ON THE ROAD AGAIN" should be paid as follows:

1. With respect to the period prior to April 1, 1970, Sixty Percent (60%) to Frederick Music Company and Forty Percent (40%) to Metric Music Company, Inc.

2. With respect to the period commencing April 1, 1970, Fifty Percent (50%) to Frederick Music Company and Fifty Percent (50%) to Metric Music Company, Inc.

The performance royalties attributable to the writers, Floyd Jones and Alan Wilson, shall be divided in like manner, with Sixty Percent (60%) of such writers' share payable to Floyd Jones with respect to the period prior to April 1, 1970 and Forty Percent (40%) of such writers' share payable to Alan Wilson with respect to such period. With respect to the period commencing April 1, 1970, Fifty Percent (50%) of the writers' share shall be payable to Floyd Jones and Fifty Percent (50%) of such share shall be payable to Alan Wilson.

The writers have indicated their agreement and assent to the foregoing by signing this letter below.

Kindly advise your foreign affiliates of our direction.

Sincerely yours,

METRIC MUSIC COMPANY, INC.

By: _Sidney Shemel_

Accepted:

_____
FLOYD JONES

_____
ALAN WILSON
Alan

VOL 1394 PAGE 402

To: Liberty/UA, Inc.

Date: March 31, 1970

Re: "ON THE ROAD AGAIN"

~~Music By: Floyd Jones~~
~~Words By: Allen-Wilson~~
Writers: Floyd Jones and Alan Wilso,

Gentlemen:

I am the Agent and Trustee for FREDERICK MUSIC COMPANY and METRIC MUSIC COMPANY, INC. who owns or controls the mechanical recording rights in the copyrighted composition(s) referred to above. You have advised us that you wish to use the said composition(s) pursuant to the terms of the Compulsory License provisions of the Copyright Act, as varied herein, upon parts of instruments serving mechanically to reproduce the composition(s). You and we acknowledge that each of us shall have, with respect to the composition(s), all of the rights granted to and all of the obligations imposed upon proprietors and users of copyrighted works pursuant to the Copyright Act as specifically varied herein by us as follows:

1. You shall pay royalties and shall render detailed accounting statements required under the Act, except that they need not be sworn to and they shall be rendered quarterly within forty-five (45) days after each March 31, June 30, September 30 and December 31 for each such preceding quarter, whether or not royalties are due and payable therefor.

2. The royalties to be paid by you to me as Agent and Trustee for and on behalf of Publisher above shall be the following on the basis of each such part manufactured and sold; and

Statutory rate per composition for each 45 rpm record containing one musical composition on a side;

Statutory rate less 25% per composition for each extended play 45 rpm record containing more than one musical composition on a side;

Statutory rate per composition for each 33⅓ rpm record for which the suggested retail selling price is more than $3.00.

Statutory rate less 12½% per composition for each 33⅓ rpm record for which the suggested retail selling price is more than $2.85 but not more than $3.00.

Statutory rate less 25% per composition for each 33⅓ rpm record for which the suggested retail selling price is $2.85 or less;

Statutory rate per composition for each pre-recorded tape.

3. This variance is limited solely to one recording of the composition made by you as follows:

or Record No.: ................................... Artist: ................................... Label: ...................................
his variance shall not supersede or in any way affect any prior licenses or variances now in effect respecting recordings of he composition.

4. In the event that you fail to comply with all the provisions of the Copyright Act, except as varied herein, or with ll the terms hereof, we shall have the right to revoke this variance retroactively by service of written notice thereof.

5. You need not serve or file the notices required by the Copyright Act.

6. This variance is specifically limited to the use of the composition(s) and the sale of such parts within the United tates of America, its territories and possessions unless we grant you written permission to the contrary.

7. In consideration of the variances herein granted to you, you have agreed irrevocably that:

(a) on all labels affixed to such parts, you will include the title of the composition(s), our name as publisher of the omposition(s), the name of the Performing Rights Society with which we are affiliated, the last name of the composer and mist of the composition(s) and, at our discretion, such information as is provided by us which refers to a dramatico-musical roduction or motion picture in which the composition(s) may be used, and

(b) you will not use or authorize the use of the title(s) or the composition(s) in any manner whatsoever except a list of musical compositions contained on the label, cover, sleeve, jacket, or box in which such parts are sold in a print pe no larger than that used for such other musical compositions contained thereon.

Very truly yours,

FREDERICK MUSIC COMPANY and METRIC COMPANY, INC.

By ...................................

e acknowledge the receipt of a copy hereof d the accuracy of the terms contained herein.

LIBERTY/UA, INC.

*Sidney Shemel*

HARRY FOX, AGENT AND TRUSTEE
460 Park Avenue, New York, N. Y. 10022

EXHIBIT E

VOL 1394 PAGE

METRIC MUSIC COMPANY, INC.
729 Seventh Avenue
New York, New York 10019

Dated as of March 31, 1970

The Harry Fox Agency, Inc.
110 East 59th Street
New York, New York

Gentlemen:

Pursuant to an agreement reached between us and Lawn Music Company and Frederick Music Company, we have agreed that all fees earned with respect to the mechanical reproduction of the musical composition entitled "ON THE ROAD AGAIN" should be paid as follows:

1. With respect to the period prior to April 1, 1970, Sixty Percent (60%) to Frederick Music Company and Forty Percent (40%) to Metric Music Company, Inc.

2. With respect to the period commencing April 1, 1970, Fifty Percent (50%) to Frederick Music Company and Fifty Percent (50%) to Metric Music Company, Inc.

We and Frederick Music Company hereby designate The Harry Fox Agency, Inc. as the licensing agent with respect to mechanical reproductions of the composition.

Lawn Music Company has indicated its agreement and assent to the foregoing by signing this letter below.

Very truly yours,

METRIC MUSIC COMPANY, INC.

By: _____

Accepted:

LAWN MUSIC COMPANY

By: _____

FREDERICK MUSIC COMPANY

BY _____

ON THE ROAD AGAIN



**Song Number:** 86598

**Song Title:** ON THE ROAD AGAIN

**Writer(s):** JONES, FLOYD
WILSON, ALAN

**Publisher (s):** FREDERICK MUSIC COMPANY          Represented
EMI UNART CATALOG INC          Represented

**Note:**
**This entry is for MECHANICAL licensing**
**The publisher name(s) listed above may or may not also reflect the ownership of this song with respect to SYNCHRONIZATION licensing. Please contact CMRRA for further details about any territorial limitations for synchronization licensing purposes.**

**New Search**

**Home**



# ON THE ROAD AGAIN



WELL I'M SO TIRED OF CRYIN' I'M OUT ON THE ROAD A-GAIN, I'M ON THE ROAD A-GAIN.
FIRST TIME I TRAVELED OUT IN THE RAIN AND SNOW, IN THE RAIN AND SNOW.
DEAR MOTHER LEFT ME, WHEN I WAS QUITE YOUNG, WHEN I WAS QUITE YOUNG.
TIP FROM ME, MAMA, PLEASE, DON'T YOU CRY NO MORE, DON'T YOU CRY NO MORE.
AIN'T GOIN' DOWN THAT LONG OLD LONESOME ROAD ALL BY MYSELF.

WELL I'M SO TIRED OF CRYIN' I'M OUT ON THE ROAD AGAIN, I'M ON THE ROAD AGAIN.
YOU KNOW THE FIRST TIME I TRAVELED OUT IN THE RAIN AND SNOW, IN THE RAIN AND SNOW.
AND MY DEAR MOTHER LEFT ME, WHEN I WAS QUITE YOUNG, WHEN I WAS QUITE YOUNG.
TAKE A TIP FROM ME, MAMA, PLEASE DON'T YOU CRY NO MORE, DON'T YOU CRY NO MORE.
BUT I AIN'T GOIN' DOWN THAT LONG OLD LONESOME ROAD ALL BY MYSELF.

I AIN'T GOT NO WOMAN AN JUST TO CALL MY SPECIAL FRIEND.
I DIDN'T HAVE NO FARE, OH NOT EVEN NO PLACE TO GO.
SHE SAID, LORD HAVE MERCY ON MY WICKED SON."
'CAUSE IT'S SOON ONE MORNIN' DOWN THE ROAD I'M GOIN'.
I CAN'T CARRY YOU BABY GONNA CARRY SOMEBODY ELSE.

2. YOU KNOW THE
3. AND MY
4. TAKE A
5. OUT I.

RIGHT 1968 by METRIC MUSIC COMPANY, NEW YORK, N.Y.

Exhibit A





min. (drone bass)

Well I'm so tired of cry-in' but I'm back ON THE ROAD A-GAIN,

I'm ON THE ROAD A-GAIN ___ Well I'm so tired of cry-in' but I'm

ON THE ROAD A-GAIN, I'm on THE ROAD A-GAIN ___ I ain't

no wo-man just to call my spe-cial friend ___

You know the first time I tra-veled on

in the rain and snow ___ in the rain and snow ___

You know the first time I tra-veled on

in the rain and snow, ___ in the rain and snow

I did-n't have no fare-o, not ev-en no place to go

And my dear mother left me when

© 1958 for Lawn Music Company. Publishing rights through and controlled by FREDERICK MUSIC COMPANY, 1311 S. Michigan Ave., Chicago, Ill.

EXHIBIT B

LES DAVIS MUSIC PAPERS





VOL. 1394 PAGE 401

## CONFIRMATION OF ASSIGNMENT

Subject to the terms and conditions of an Agreement dated
as of March 31, 1970 with respect to the musical composition
"ON THE ROAD AGAIN" (Copyright Registration No. "Class E
**EU 89256**
**EU 98008** ") by Floyd Jones and Allen Wilson, Metric Music
Company, Inc. does hereby assign to Lawn Music Company of
1323 S. Michigan Avenue, Chicago, Illinois, one-half (1/2) of
all of its right, title and interest throughout the world for
the full original and renewal terms of copyright and any ex-
tensions thereof in and to the composition.

IN WITNESS WHEREOF, this document has been executed as of the 30 th
day of June, 1970.

METRIC MUSIC COMPANY, INC.

By: _Sidney Shemel_

Sworn to before me this 7 th
day of August 1970.

_Ira B. Selsky_
Notary Public

IRA B. SELSKY
NOTARY PUBLIC, State of New York
No. 31-8917860
Qualified in New York County
Commission Expires March 30, 1970

EXHIBIT C

729 Seventh Avenue
New York, New York 10019

Dated as of March 31, 1970

Broadcast Music, Inc.
589 Fifth Avenue
New York, New York 10017

Gentlemen:

Pursuant to an agreement reached between us and Lawn Music Company
and Frederick Music Company, we have agreed that all fees earned
with respect to the public performance of the musical composition
entitled "ON THE ROAD AGAIN" should be paid as follows:

1. With respect to the period prior to April 1, 1970,
Sixty Percent (60%) to Frederick Music Company and Forty Percent
(40%) to Metric Music Company, Inc.

2. With respect to the period commencing April 1, 1970,
Fifty Percent (50%) to Frederick Music Company and Fifty Percent
(50%) to Metric Music Company, Inc.

The performance royalties attributable to the writers, Floyd Jones
and Alan Wilson, shall be divided in like manner, with Sixty Per-
cent (60%) of such writers' share payable to Floyd Jones with
respect to the period prior to April 1, 1970 and Forty Percent
(40%) of such writers' share payable to Alan Wilson with respect
to such period. With respect to the period commencing April 1,
1970, Fifty Percent (50%) of the writers' share shall be payable
to Floyd Jones and Fifty Percent (50%) of such share shall be pay-
able to Alan Wilson.

The writers have indicated their agreement and assent to the fore-
going by signing this letter below.

Kindly advise your foreign affiliates of our direction.

Sincerely yours,

METRIC MUSIC COMPANY, INC.

By: _Sidney Shemel_

Accepted:

_____

FLOYD JONES

_____

~~ALAN~~ WILSON
Alan

VOL 1394 PAGE 400

To: Liberty/UA, Inc.

Re: "ON THE ROAD AGAIN"

Date: March 31, 1970

Music By: Floyd Joacn
Words By: Allen-Wilson
Writers: Floyd Jones and Alan Wilson

Gentlemen:

I am the Agent and Trustee for FREDERICK MUSIC COMPANY and METRIC MUSIC COMPANY, INC. who owns or controls the mechanical recording rights in the copyrighted composition(s) referred to above. You have advised us that you wish to use the said composition(s) pursuant to the terms on the Compulsory License provisions of the Copyright Act, as varied herein, upon parts of instruments serving mechanically to reproduce the composition(s). You and we acknowledge that each of us shall have, with respect to the composition(s), all of the rights granted to and all of the obligations imposed upon proprietors and users of copyrighted works pursuant to the Copyright Act as specifically varied herein by us as follows:

1. You shall pay royalties and shall render detailed accounting statements required under the Act, except that they need not be sworn to and they shall be rendered quarterly within forty-five (45) days after each March 31, June 30, September 30 and December 31 for each such preceding quarter, whether or not royalties are due and payable therefor.

2. The royalties to be paid by you to me as Agent and Trustee for and on behalf of Publisher above shall be the following on the basis of each such part manufactured and sold; and

Statutory rate per composition for each 45 rpm record containing one musical composition on a side;

Statutory rate less 20% per composition for each extended play 45 rpm record containing more than one musical composition on a side;

Statutory rate per composition for each 33⅓ rpm record for which the suggested retail selling price is more than $3.00.

Statutory rate less 12½% per composition for each 33⅓ rpm record for which the suggested retail selling price is more than $2.85 but not more than $3.00.

Statutory rate less 25% per composition for each 33⅓ rpm record for which the suggested retail selling price is $2.85 or less;

Statutory rate per composition for each pre-recorded tape.

3. This variance is limited solely to one recording of the composition made by you as follows:

on Record No.: ......................... Artist: ......................... Label: .........................

his variance shall not supersede or in any way affect any prior licenses or variances now in effect respecting recordings of the composition.

4. In the event that you fail to comply with all the provisions of the Copyright Act, except as varied herein, or with the terms hereof, we shall have the right to revoke this variance retroactively by service of written notice thereof.

5. You need not serve or file the notices required by the Copyright Act.

6. This variance is specifically limited to the use of the composition(s) and the sale of such parts within the United States of America, its territories and possessions unless we grant you written permission to the contrary.

7. In consideration of the variances herein granted to you, you have agreed irrevocably that:

(a) on all labels affixed to such parts, you will include the title of the composition(s), our name as publisher of the composition(s), the name of the Performing Rights Society with which we are affiliated, the last name of the composer and maker of the composition(s) and, at our discretion, such information as is provided by us, which refers to a dramatico-musical production or motion picture in which the composition(s) may be used, and

(b) you will not use or authorize the use of the title(s) or the composition(s) in any manner whatsoever except a list of musical compositions contained on the label, cover, sleeve, jacket, or box in which such parts are sold in a print no larger than that used for such other musical compositions contained thereon.

We acknowledge the receipt of a copy hereof and the accuracy of the terms contained herein.

LIBERTY/UA, INC.

*[signature] Sidney Shemel*

Very truly yours,

FREDERICK MUSIC COMPANY and METRIC COMPANY, INC.

By *[signature]*

HARRY FOX, AGENT AND TRUSTEE
460 Park Avenue, New York, N. Y. 10022

EXHIBIT E

VOL 1394 PAGE 404

METRIC MUSIC COMPANY, INC.
729 Seventh Avenue
New York, New York 10019

Dated as of March 31, 1970

The Harry Fox Agency, Inc.
110 East 59th Street
New York, New York

Gentlemen:

Pursuant to an agreement reached between us and Lawn Music Company and Frederick Music Company, we have agreed that all fees earned with respect to the mechanical reproduction of the musical composition entitled "ON THE ROAD AGAIN" should be paid as follows:

1. With respect to the period prior to April 1, 1970, Sixty Percent (60%) to Frederick Music Company and Forty Percent (40%) to Metric Music Company, Inc.

2. With respect to the period commencing April 1, 1970, Fifty Percent (50%) to Frederick Music Company and Fifty Percent (50%) to Metric Music Company, Inc.

We and Frederick Music Company hereby designate The Harry Fox Agency, Inc. as the licensing agent with respect to mechanical reproductions of the composition.

Lawn Music Company has indicated its agreement and assent to the foregoing by signing this letter below.

Very truly yours,

METRIC MUSIC COMPANY, INC.

By: _____

Accepted:

LAWN MUSIC COMPANY

By: _____

FREDERICK MUSIC COMPANY

BY _____

E X 8

VOL 2 9 7 3 PAGE 0 1 7

AGREEMENT made as of this 8th day of January, 1993 between ORA-MAE GOGINS ("Owner"), the daughter of Floyd Jones ("Writer"), whose present address is 123 South Mayfield Avenue, Chicago, IL 60644, and FREDERICK MUSIC COMPANY ("Publisher"), whose present address is 1523 West Devon Avenue, Chicago, IL 60660.

IN CONSIDERATION of the mutual promises and covenants hereinafter set forth, Owner and Publisher agree as follows:

1. Owner hereby assigns to Publisher, its successors and assigns, all right, title and interest in and to her undivided one-half (1/2) interest in and to the copyright in the musical composition entitled ON THE ROAD AGAIN, written by Floyd Jones and Alan Wilson ("the Composition"). The assignment set forth above shall include without limitation all rights of whatsoever nature in the title, words and music thereof and in any arrangements and other derivative works thereof, and all copyrights therein, and the right to secure such rights in the name of Publisher for Publisher's own use and benefit, throughout the world ("the Territory"), and all other rights that Owner now has or to which Owner may become entitled under existing or subsequently enacted federal or state laws, statutes or regulations, for the maximum term of protection available throughout the Territory.

2. Owner hereby represents and warrants that: the Composition is written by Writer and Alan Wilson and that no part thereof infringes the copyright in any other work or violates the common law or statutory rights of any person or entity; that Owner is the only child of Writer and the sole owner of Owner's interests in the Composition and of all the rights therein, and that prior to executing this agreement, Owner has not assigned any of her right, title or interest in either of the Composition, the copyright therein, or in any of the rights herein conveyed; that Owner has not entered into any other contract affecting her interests in either of the Composition or any right, title or interest therein, and that neither she nor any person or entity other than [Owner and] EMI Unart, the co-publisher of the Composition, claims or has claimed any right, title or interest in or to either of the Composition; and that Owner has full right, power and authority to enter into this agreement and make all of the grants, promises and covenants contained herein.

3. In the event that the United States renewal term of copyright in the Composition shall vest in Publisher by reason of the grant of rights by Owner to Publisher as set forth in paragraph 1 above, Publisher shall pay to Owner the following royalties:

(a)  Fifty Percent (50%) of all amounts actually received by Publisher for each regular piano/vocal edition thereof published and sold by Publisher or pursuant to authority granted by Publisher in the United States, and for which Publisher has received payment;

(b)  Fifty Percent (50%) of all amounts actually received by Publisher for each printed copy thereof, other than regular piano/vocal editions, published and sold by Publisher or pursuant to authority granted by Publisher in the United States, and for which Publisher has received payment; except that in the event that the Composition shall be used in whole or in part in a printed compilation, folio or album containing other musical compositions Owner shall be entitled to receive that proportion of such Fifty Percent (50%) which the Composition shall bear to the total number of copyrighted musical compositions contained in such compilation, folio or album.

(c)  Fifty Percent (50%) of all amounts actually received by Publisher from the exercise in the Territory of mechanical rights, synchronization right (whether for motion picture, television or otherwise), print right (other than as provided above) and all other rights (except public performance rights) therein.

(d)  Publisher shall not be required to pay royalties on copies of the Composition which are sold but for which Publisher does not receive payment or on copies which are returned or on a reasonable number of professional or complimentary copies or on copies which are distributed at or below Publisher's cost, or for promotional purposes.

(e)  Owner shall receive her share of public performance royalties throughout the world directly from the performing rights society with which Owner is affiliated (BMI).  Owner acknowledges that Owner is not entitled to any share of the public performance royalties distributed to Publisher by any performing rights society which makes payments directly to Owner.

4.  (a)  Upon execution of this agreement, Publisher shall pay to Owner a non-refundable bonus of Five Hundred Dollars ($500.00); and

(b)  In the event that the United States renewal term of copyright in the Composition shall vest in Publisher by reason of the grant of rights by Owner to Publisher as set forth herein, Publisher shall pay to Owner a non-refundable recoupable advance of Two Thousand Dollars ($2,000).

5.  It is understood and acknowledged that Publisher, pursuant to this agreement, shall administer and control only Owner's undivided one-half (1/2) interest in the Composition in the

- 2 -

931401

Territory, and shall not administer or collect royalties in connection with the Composition on behalf of the other author of the Composition. The royalties payable hereunder shall represent One Hundred Percent (100%) of the royalties payable to Owner in connection with her interest in the Composition.

6.     Publisher shall render royalty statements to Owner within ninety (90) days after June 30th and December 31st of each year, each such statement to be accompanied by payment of all amounts shown thereby to be due. Each such statement rendered to Owner shall be binding upon Owner and not subject to any objection whatsoever, unless Owner gives Publisher notice of specific objection in writing, setting forth all claims, errors, disputes and omissions asserted by Owner, within one (1) year from the date the statement in question shall have been rendered. Owner or an accountant acting in Owner's behalf may, at reasonable intervals (but no more frequently than once a year) examine the books of Publisher pertaining to the Composition, at Publisher's offices during Publisher's usual business hours and upon reasonable notice.

7.     Publisher shall have the right to use Writer's name and approved likeness, and biographical material concerning Writer, in connection with the Publisher's business in general and with the use, promotion and exploitation of the Composition in particular.

8.     The extent and manner of exploitation of the Composition shall be entirely within the discretion of Publisher, it being further expressly understood that Publisher may charge such fees and rates for the exercise of the rights hereby granted to Publisher as Publisher, in the exercise of its business judgment, shall determine.

9.     Owner hereby indemnifies Publisher against any cost, expense, loss or damage (including reasonable attorneys' fees) arising from or connected with any claim in which it is asserted that any of the representations, warranties or covenants made by Owner in this agreement have been breached or in which assertions are made which are inconsistent with any of such representations, warranties or covenants.

10.     Any legal action brought by Publisher, or any enforcement of its rights undertaken by Publisher against any alleged infringer of the Composition shall be initiated and prosecuted by Publisher, at Publisher's sole expense and in its sole discretion, including the right to settle any such action. In the event of a recovery by Publisher of any monies as the result of a judgment or settlement, such recovery shall be shared equally by Publisher and Owner after the deduction of all expenses incurred by Publisher, including reasonable counsel fees, in obtaining such recovery. In the event Publisher fails to commence legal action to enforce any of Publisher's and Owner's rights hereunder, Owner may commence an action in her name and at Owner's expense. Any recovery by Owner

- 3 -

931401

shall be shared equally with Publisher after the deduction of all expenses incurred by Owner, including reasonable counsel fees.

11.    (a)  If a written claim is presented against Publisher in which it is asserted that the Composition infringes upon or violates or interferes with the rights of any person, or business entity, Publisher shall notify Owner of such claim, and Owner, at Owner's sole expense, may participate in the defense of such claim; but Publisher shall have the absolute right to control the defense and to settle or otherwise dispose of such claim in any manner which Publisher shall determine.

(b)  During the pendency of any proceeding or claim referred to in subdivision (a) of this paragraph, Publisher may withhold royalties due to Owner in amounts reasonably related to the claim plus provision for reasonable attorneys' fees and other costs and expenses, and may apply such withheld royalties in satisfaction of Owner's obligation to indemnify Publisher pursuant to Paragraph 9 of this agreement.

12.    Publisher shall have the right to assign this agreement or to assign or license all or any rights granted hereunder.

13.    As a condition precedent to the assertion by either party that the other party is in default in performing any obligations contained herein, such party shall advise the other thereof in detail and in writing.  The party receiving notice shall have thirty (30) days after receipt of such written notice within which to cure such alleged default.  The parties agree that within such period no alleged breach of this agreement shall be deeded incurable.

14.    All notices and payments hereunder shall be sent to the parties at the addresses indicated above, unless either party changes such mailing address by giving written notice thereof to the other party.  All notices shall be in writing and shall be delivered either by registered or certified mail (return receipt requested), postage prepaid, or by telefax, all charges prepaid. The date of mailing or of telefaxing, as the case may be, shall be deemed the date of service.  A copy of all notices sent to Publisher shall be sent to Silverman & Shulman, P.C., 136 East 57 Street, New York, NY 10022 (Attn:  Noel L. Silverman, Esq.).

15.    This agreement sets forth the entire understanding between the Publisher and Owner and cannot be changed, modified or canceled except by an instrument signed by the party sought to be charged.  This agreement shall be governed by and construed under the laws of the State of Illinois, applicable to agreements made and wholly to be performed therein.

- 4 -

931401

VOL 2 9 7 3 PAGE 0 2 1

IN WITNESS WHEREOF, Owner and Publisher have executed this agreement as of the date first indicated above.

FREDERICK MUSIC COMPANY (Publisher)

By _____

ORA-MAE GOGINS          (Owner)

- 5 -

931401